UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | Crim. No. 95-198 (LFO) |
| | ) | Civ. No. 07-645 (LFO) |
| JIMMIE LEE KENNEDY, | ) | |
| | ) | |
| Defendant-Movant. | ) | |
| _____ | ) | |

**MEMORANDUM**

Jimmie Lee Kennedy, who is presently incarcerated and acting *pro se*, moves for a "writ of audita querela"[1] and seeks relief from his criminal sentence. The court will transfer Kennedy's motion to the D.C. Circuit in an accompanying order for the reasons that follow.

Kennedy was sentenced to life in prison pursuant to the "three-strikes" law, 18 U.S.C. § 3559. On November 22, 1999, he filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255; he explicitly invoked § 2255 as the basis and authority for this motion. *See* Def. Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Nov. 22, 1999) [dkt #227]. The court denied the motion on January 23, 2001. *See* Order (Jan. 23, 2001) [dkt #234].

Now Kennedy has filed a second motion, styled a motion for "writ of audita querela," seeking "relief against the consequences of [the] prior judgment in" his criminal case. In it he argues that he is actually innocent, that a miscarriage of justice occurred, and that statutory

---

[1] The writ of audita querela is "available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." Black's Law Dictionary 141 (8th Ed. 2004).

violations were committed at his criminal proceedings.  Because these arguments sound in habeas, the court views this motion as a second § 2255 motion.  *See Castro v. United States*, 540 U.S. 375, 381 (2003); *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (Easterbrook, J.) (a motion substantively within the scope of § 2255 will be treated as such, "no matter what title the prisoner plasters on the cover")

     A second § 2255 motion, however, may not be entertained by a district court, unless it is first certified by the appropriate court of appeals.  28 U.S.C. § 2255, at ¶ 8.  Because Kennedy failed to obtain this certification, the court lacks jurisdiction over his motion.  The accompanying order, therefore, transfers the motion, pursuant to 28 U.S.C. § 1631, to the appropriate court of appeals (here, the D.C. Circuit) for certification.  *See Coleman v. United States*, 106 F.3d 339, 340-41 (10th Cir. 1997).

/s/

Louis F. Oberdorfer
UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2007