**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> v. ) <br> ) <br> JIMMIE LEE KENNEDY, ) <br> ) <br> Defendant-Movant ) <br> ) | Crim. No. 95-198 (LFO) <br> Civ. No. 07-645 (LFO) |

## **MEMORANDUM & OPINION**

Jimmie Lee Kennedy, who is presently serving a life sentence and acting pro se, has filed a motion pursuant to Fed. R. App P. 4(a)(6) seeking permission to appeal nunc pro tunc this court's order denying his petition for a writ of *audita querela*. For the reasons stated herein, an accompanying order grants Kennedy's motion and reopens the time to file his appeal

On March 29, 2007, Kennedy filed a motion for a "writ of *audita querela*," seeking "relief against the consequences of [the] prior judgment in" his criminal case. In it he argued that he is actually innocent, that a miscarriage of justice occurred, and that statutory violations were committed at his criminal proceedings. On April 17, 2007, this court construed Kennedy's petition as a successive § 2255 petition and transferred it to the Court of Appeals for certification, as required under 28 U.S.C. § 1631. *See* Order. (Apr. 17, 2007) [dkt # 253]. On July 27, 2007, the Court of Appeals, however, ordered the petition returned to the undersigned for a ruling on the merits, finding that construing the petition as a § 2255 petition was inappropriate where the defendant had "unequivocally elected to seek relief by way of *audita querela* rather than 28 U.S.C. § 2255." *See* Order 07-3048 (D.C. Cir. filed July 27, 2007)

(unpublished). On August 15, 2007, this court denied Kennedy's petition for writ of *audita querela* on the ground that such relief is only available under 28 U.S.C. § 2255. *See* Order (Aug. 15, 2007) [dkt # 253].

Kennedy was not mailed a copy of the order when it was filed, although he should have been according to Fed. R. Civ. P. 77(d). On November 29, 2007 and December 18, 2007, Kennedy sent letters to the Clerk of the District Court asking about the status of his petition. *See* Def. Application for Leave to Appeal *Nunc Pro Tunc*, Exhibits 1, 2 [dkt #258]. On December 26, 2007, the clerk sent a notice of entry, which Kennedy received on December 31, 2007. *Id.* Exhibit 3. On January 7, 2008, Kennedy filed a motion seeking permission to appeal nunc pro tunc the denial of his petition for a writ of *audita querela*. *Id*.

On February 15, 2008, before this court acted on his motion, he filed a similar motion with the Court of Appeals. The Court of Appeals transferred the motion to this court to consider

> (1) [whether] the provisions of Fed. R. App. P. 4(a) apply to the petitioner's appeal . . .; and (2) if so, whether the district court's August 15, 2007 order complies with Fed. R. Civ. P. 58, which requires that a judgment be set forth in a separate document so as to start the time period to appeal; and (3) if so, whether petitioner qualifies for relief under Fed. R. App. P. 4(a)(6).

Order 08-3015 (D.C. Cir. Filed May 2, 2008) (unpublished).

## I. Applicability of Rule 4(a)

The common law writ of *audita querela* permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." 11 C. *Wright & A. Miller, Federal Practice and Procedure* § 2867, at 235 (1973)). Although historically *audita*

*querela* existed as a remedy primarily for judgment debtors, see *id*., it apparently has been recognized as a remedy for criminal defendants in at least some state jurisdictions. In federal civil practice, *audita querela* has been expressly superseded by Rule 60(b).

*United States v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990) (footnote omitted). If it can at all, "a federal court can vacate a criminal conviction pursuant to the common law writ of *audita querela* only if the writ permits a defendant to raise a legal objection not cognizable under" 28 U.S.C. § 2255 and the common law writ of *coram nobis*, "the conventional postconviction remedies available to federal criminal defendants." *Id*.

There is no direct authority on the question of whether Federal Rule of Appellate Procedure 4(a), governing appeals in civil cases, or Rule 4(b), governing appeals in criminal cases, governs an appeal of a denial of a petition for a writ of *audita querela*. However, the Rules treat an appeal in both § 2255 and *coram nobis* proceedings as an appeal in a civil case. *See* Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255; Fed. R. App. P. 4(a)(1)(C). There is no reason to treat an appeal from a denial of a writ of *audita querela* any differently.

## II. Compliance with Fed. R. Civ. P. 58

This court's August 15, 2007 order complies with Federal Rule of Civil Procedure 58's requirement that, generally, "[e]very judgment and amended judgment must be set out in a separate document." The order contains three parts: (1) a brief summary of the procedural history leading up to the order, (2) a single-sentence explanation of the order with a single citation, and (3) a sentence denying Kennedy's petition. In *Kidd v. District of Columbia*, the Court of Appeals found that an almost identical order satisfied the "single-citation, single-

sentence standard for Rule 58." 206 F.3d 35, 38-39 (D.C. Cir. 2000). The only differences between this court's August 15, 2007 order and the order in *Kidd* are the former's slightly longer procedural history section (due to the more complex history in this case) and inclusion of a single citation after the single-sentence explanation. Therefore, the order meets the single-citation, single-sentence standard for Rule 58.

### III. Relief under Fed. R. App. P. 4(a)(6)

Kennedy qualifies for relief under Federal Rule of Appellate Procedure 4(a)(6), which states that the district court may reopen the time to file an appeal when

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.

The circumstances here satisfy all three requirements.

First, the electronic record establishes that no notice of the August 15, 2007 order was mailed to Kennedy within 21 days after its entry. Second, Kennedy filed his motion for permission to appeal on January 7, 2008, 145 days after entry of the August 15, 2007 order and 7 days after his receipt of notice of entry of the August 15, 2007 order. Third, because the issue on appeal – whether Kennedy's claims can be brought in a petition for writ of *audita querela* – is a purely legal one, the United States would not be prejudiced by the court's reopening of the time to file an appeal.

\* \* \*

For the reasons stated above, the accompanying order grants Kennedy's motion to reopen the time to file an appeal of its August 15, 2007 order denying his petition for writ of *audita querela*.

**The court reminds Kennedy that in order to preserve his right to appeal, he must file a notice of appeal with this court on or before 14 days after the date of entry of the accompanying order.**

Dated: May 20, 2008                                  Louis F. Oberdorfer
                                                     United States District Judge